## SARAH S. NASON *vs.* CITY OF BOSTON.

A slippery condition of a sidewalk, caused by snow's being carried upon it and trodden down by the ordinary travel of persons thereon, and then freezing, is not such a defect as will render the city, which is bound to keep the sidewalk safe and convenient for travellers, liable for a personal injury received in consequence thereof; although by reason of the passage of a street railway near to the sidewalk a ridge of snow is thrown up at the junction of two streets, whereby the snow is more likely to be so carried upon the sidewalk.

TORT to recover damages for an injury sustained by reason of a defective highway.

At the trial in the superior court, before *Morton,* J., it appeared that the injury was received at the corner of Boylston and Tremont Streets in Boston; and there was evidence tending to show that there was, and for more than twenty-four hours had been, on the corner of said streets, smooth and slippery ice, covering the entire width of the sidewalk, and extending some feet each way upon Boylston and Tremont Streets, and of a thickness which was variously estimated by different witnesses from one inch to three inches; that the plaintiff was walking upon Boylston Street, and using due care; that she slipped, her feet slipping forward, and fell backwards upon said ice, and was thereby injured.

There was also evidence tending to show that a street railway track was laid through Boylston and Tremont Streets, and at

this corner one of its rails was within two feet of the sidewalk at the nearest point, and nearer to the sidewalk here than on the general line of the track ; that large numbers of persons were accustomed to come to said corner, and there to stand for the purpose of taking the cars ; that the ice was formed by snow being loosened and thrown up in the streets in a ridge between the track and the curb-stone on said corner, by the wheels of the cars passing along said track, and then being carried upon the sidewalk and trodden down by the ordinary travel of persons crossing the streets, and standing and waiting for the cars as aforesaid.

The defendants' counsel requested the court to instruct the jury that mere slipperiness of the sidewalk was not a defect in the way ; that if the sidewalk was in all respects properly constructed, and in good repair, and ice was formed upon it solely by snow in the carriage way adhering to the feet of travellers passing across it to the sidewalk, and thus being deposited upon the sidewalk and trodden down so as to become slippery, but not to form an obstacle otherwise, the slipperiness was not such a defect as would render the defendants liable to the plaintiff. The judge declined so to rule ; but upon this point did rule and instruct the jury that, if the ice was created by a fall of rain, or by a fall of snow which was trodden down by passengers or persons standing upon the sidewalk, the city would not be liable; but if the snow in the carriage way was thrown up by the wheels of the cars passing near the sidewalk, and then carried on the sidewalk and trodden down by passengers and people using the corner to wait for the cars, and this caused the ice, it would be a defect for which the city would be liable, if it had existed for more than twenty-four hours, and if, in the judgment of the jury, it rendered the street unsafe and dangerous.

The jury found a verdict for the plaintiff, with $3500 damages; and the defendants alleged exceptions.

*J. P. Healy*, for the defendants. An icy or slippery place, casually formed on the sidewalk, and not caused by a faulty construction or condition of the sidewalk, is not a defect in the

way for which the city is responsible. *Stanton* v. *Springfield*, 12 Allen, 566. *Hutchins* v. *City of Boston*, Ib. 571, note. This case falls within the principle established by the cases above cited. There was no fault in the construction or want of repair of the sidewalk. The ice complained of was formed by two causes concurring, over neither of which the city had control, viz: the laying of railway tracks in the streets, and the use of the streets by persons for the ordinary purposes of travel. *Cambridge* v. *Cambridge Railroad*, 10 Allen, 50.

*D. E. Ware*, for the plaintiff. In this case, there was a special cause for the formation of ice, at the place where the injury was received, against which the city might have guarded. The location of the railway track further from the corner would have prevented the formation of the ridge of snow, which, when thrown over the sidewalk, formed into ice.

WELLS, J. This case does not raise the question whether the railroad track, and the ridge of snow which was thrown up by the cars, were, of themselves, defects in the street. Those circumstances are relied on merely as showing a special cause, other than the elements, for the condition of the sidewalk.

The defect alleged, which occasioned the accident, was the slippery condition of the walk. This condition was produced by snow loosened and thrown up in the street by the cars, "and then being carried upon the sidewalk and trodden down by the ordinary travel of persons crossing the streets, and standing and waiting for the cars."

The defendants' counsel asked the court to apply the rule of law established in the case of *Stanton* v. *Springfield*, 12 Allen, 566, and in *Hutchins* v. *Boston*, Ib. 571, note. This the court declined to do; but apparently held that rule to be limited to cases where the slippery condition of the way is occasioned by the mere operation of natural causes, such as the fall of rain or snow; and ruled that such condition, when produced in the manner described in this case, would be a defect for which the city would be liable, if, in the judgment of the jury, it rendered the street unsafe and dangerous.

This distinction cannot be maintained. The liability of the

city must rest upon some ground of fault or neglect on the part of its officers who are charged with the care of the streets. Such fault or neglect is no more involved in the carrying of snow upon the sidewalk by the feet of travellers than in its fall there from the clouds. Neither can a liability on account of the condition of the sidewalk be established through any responsibility of the defendants for the construction or use of the street, whereby the snow was made more liable to be thus carried upon the walk. There must be fault or neglect which relates to the place of the alleged defect. The sidewalk was made dangerous, not by the accretion but by the freezing of the snow, after being trodden down to a smooth surface. This condition, so inevitable an incident of our climate, does not of itself render the city liable as for a defect in the street, without some other element or evidence of fault or neglect.     *Exceptions sustained.*